# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2204011164 |
| | ) | |
| HASSAN-HASS EL-ABBADI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted: November 27, 2023
Date Decided: February 8, 2024

## ORDER

Upon consideration of Defendant Hassan-Hass El-Abbadi's ("El-Abbadi") *Pro Se* Motion for Postconviction Relief ("Rule 61 Motion"),[1] Superior Court Criminal Rule 61, statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)     On June 5, 2023, El-Abbadi pled guilty to Burglary Second Degree (PN23-02-1849) and Stalking (IN23-02-1848) in the case ending in 1164 (the "A Case"); Non-Compliance with Bond Conditions (IN23-02-1908) in Case No. 2208009161 (the "B Case"); and Non-Compliance with Bond Conditions (IN22-10-0295) in Case No. 2207015239 (the "C Case").[2]

(2)     On October 20, 2023, El-Abbadi was sentenced in all three cases.[3]

---

[1] D.I. 25A (hereinafter "Def.'s Mot. for Postconviction Relief").
[2] D.I. 20A, D.I. 5B, D.I. 4C.
[3] D.I. 22A, D.I. 7B, D.I. 6C.

(3)     El-Abbadi's sentence in the A case is as follows: for Burglary Second Degree, 8 years at Level V suspended after 2 years, for 6 months Level IV DOC Discretion, followed by 6 months Level III GPS, followed by 12 months at Level III; and for Stalking, 3 years at Level V suspended after 2 years, for 1 year at Level III.[4]

(4)     El-Abbadi's sentence in the B Case is as follows: for Non-Compliance with Bond Conditions, 5 years at Level V suspended after 6 months, for 1 year at Level III.[5]

(5)     El-Abbadi's sentence in the C Case is as follows: for Non-Compliance with Bond Conditions, 5 years at Level V suspended after 6 months, for 1 year at Level III.[6]

(6)     In total, El-Abbadi was sentenced to 5 years of unsuspended Level V time.[7]

(7)     El-Abbadi did not file a direct appeal.

(8)     On November 27, 2023, El-Abbadi filed the instant Rule 61 Motion.[8]

---

[4] D.I. 22A. El-Abbadi's probation is to run concurrently. *Id*.

[5] D.I. 7B. El-Abbadi's probation is to run concurrently with the A Case, and he is ordered to pay a fine of $1,000.00 plus all surcharges and fees. *Id*.

[6] D.I. 6C. El-Abbadi's probation is to run concurrently with the B Case, and he is ordered to pay a fine of $1,000.00 plus all surcharges and fees. *Id*.

[7] D.I. 22A, D.I. 7B, D.I. 6C.

[8] Def.'s Mot. for Postconviction Relief. El-Abbadi filed a *pro se* motion for modification of sentence on the same day. D.I. 26A. The Court will address El-Abbadi's motion for modification of sentence separately.

His stated grounds for relief are: "unfulfilled plea [sic] agreement"; "first time felony [sic]" and that he is a "care taker and father."[9] Pursuant to Rule 61 the Court will only address El-Abbadi's argument of an unfulfilled plea agreement.[10]

(9) Before considering the merits of any postconviction relief motion, the Court must first consider whether any procedural bars exist.[11]

(10) This is El-Abbadi's first Rule 61 Motion, and it is timely;[12] however, it is procedurally barred pursuant to Rule 61(i)(3). Rule 61(i)(3) states any grounds for relief not asserted in the proceedings leading to the judgment of conviction are barred unless a movant demonstrates: "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights."[13]

(11) El-Abbadi argues there was an "unfulfilled plea [sic] agreement,"[14] and in support of his claim he argues "the plea was 0-4" and that he was sentenced to five years.[15] El-Abbadi failed to raise this claim during the plea colloquy, at sentencing, or on direct appeal, and therefore, the claim is barred unless El-Abbadi

---

[9] Def.'s Mot. for Postconviction Relief

[10] *See* Super. Ct. Crim. R. 61(a)(1) (stating Rule 61 motions are reserved for claims asserting "the court lacked jurisdiction or any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction.").

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[12] If a defendant does not file a direct appeal, the conviction is deemed final 30 days after sentencing. Super. Ct. Crim. R. 61(m)(1). El-Abbadi was sentenced on October 20, 2023, because he did not file a direct appeal, his conviction became final on November 19, 2023. The instant Rule 61 Motion was filed on November 27, 2023. Def.'s Mot. for Postconviction Relief.

[13] Super. Ct. Crim. R. 61(i)(3)(A)-(B).

[14] Def.'s Mot. for Postconviction Relief

[15] *Id.*

3

is able to demonstrate a cause for relief from the default, and prejudice.[16] Because El-Abbadi has not argued cause for his failure to raise the issue on direct appeal, nor has he argued he was prejudiced, his Motion is procedurally barred pursuant to Rule 61(i)(3).[17]

(12)   A movant can overcome a procedural bar to relief by meeting the requirements set forth in Rule 61(i)(5).  Rule 61(i)(5) is reserved for claims asserting the court lacked jurisdiction or claims that satisfy the pleading requirements of Rule 61(d)(2)(i)-(ii).[18]

(13)   El-Abbadi's Rule 61 Motion is an attempt to attack his sentence, which he has already done by filing a Rule 35(b).[19]   Rule 61 states postconviction challenges to non-capital sentences are not recognized.[20]  Further, pursuant to Rule 11(c), the Court addressed El-Abbadi personally in open court prior to his sentencing.[21]  The Court determined El-Abbadi understood the nature of the charges

---

[16] *See State v. Davis*, 2003 WL 1344564, at *2 (Del. Super. Mar. 14, 2003).

[17] *See Davis*, 2003 WL 1344564, at *2; *State v. Windell*, 2022 WL 1261832, at *2 (Del. Super. April 28, 2022) (stating "Rule 61(i)(3) bars claims that were not raised in the proceedings unless Movant can establish cause for failing to timely raise the claim, and actual prejudice from failing to raise the claim.").

[18] Super. Ct. Crim. R. 61(i)(5).  Requiring a showing that "new evidence exists that creates a strong inference that the movant is actually innocent" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid." Super. Ct. Crim. R. 61(d)(2).

[19] D.I. 26A.

[20] *See* Super. Ct. Crim. R. 61(a)(1); *Windell*, 2022 WL 1261832, at *3 (stating "[t]he Delaware Supreme Court has repeatedly held that defendants cannot use Rule 61 postconviction proceedings to challenge non-capital sentences.").

[21] D.I. 20A.  Super. Ct. Crim. R. 11(c) states:

to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. In addition, as expressly stated on the Truth-in-Sentencing Guilty Plea Form ("TIS Form") that El-Abbadi signed, El-Abbadi knew that as a result of his guilty plea he could be sentenced to a maximum of 21 years at Level V.[22] In response to the question: "Has anyone promised you what your sentence will be?," El-Abbadi checked the "No" box.[23] When the Court asked if anyone had promised him what his sentence would be, he responded in the negative. El-Abbadi is bound by his answers during the colloquy and his representations on the TIS Form,[24] and he has not asserted actual innocence or that a new rule of constitutional law applies to him. Consequently, the Court finds El-Abbadi has not satisfied the requirements of Rule 61(i)(5), and his Rule 61 Motion is procedurally

---

Before accepting a plea of guilty . . . the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

[22] D.I. 20A. By statute and as listed on the TIS Form, El-Abbadi could be sentenced to a range of 6 months to 3 years at Level V for Stalking; 0 to 8 years at Level V for Burglary Second; and 0 to 5 years at Level V for each count of Non-Compliance with Bond. D.I. 20A, D.I. 5B, D.I. 4C. *See* 11 *Del. C*. § 1312(c) (classifying Stalking as a Class F Felony); *see also* 11 *Del. C*. § 4205(b)(6) (allowing for a maximum of 3 years to be served at Level V for a Class F Felony). *See* 11 *Del. C*. § 825 (classifying Burglary Second Degree as a Class D Felony); *see also* 11 *Del. C*. § 4205(b)(4) (allowing for a maximum of 8 years to be served at Level V for a Class D Felony). *See* 11 *Del. C*. § 2113(c) (allowing for a maximum of 5 years at Level V, or a fine of $5,000, or both, for not complying with bond conditions).
[23] *Id*. The form additionally asked if all of El-Abbadi's answers were truthful and if he read and understood all the information on the form, to which he responded in the affirmative and signed. *Id*.
[24] *Colburn v. State*, 128 A.3d 1172, 2016 WL 5845778, at *2 (Del. 2016) (TABLE).

barred pursuant to Rule 61(1)(3).

**NOW, WHEREFORE, IT IS HEREBY ORDERED** that El-Abbadi's

Motion for Postconviction Relief is **SUMMARILY DISMISSED**.[25]


_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge


Original to Prothonotary

cc:   Brianna M. Mills, DAG
      Hassan-Hass El-Abbadi (SBI #00724418)

---

[25] *See* Rule 61(d)(i)(5) (stating "if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").